UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**AMERICAN SOUTHERN INSURANCE COMPANY,**

    Plaintiff,

v.                                                                     Case No. 8:11-cv-2278-T-30TGW

**FLORIDA YOUTH ATHLETIC ASSOCIATION; SUNCOAST YOUTH FOOTBALL CONFERENCE; and MIRANDA GREGORY,**

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Suncoast Youth Football Conference's Motion to Set Aside Entry of Default Judgment (Dkt. 23) and Plaintiff American Southern Insurance Company's Response in opposition (Dkt. 24). The Court, having considered the motion, response, and being otherwise advised of the premises, concludes that the motion should be granted.

## DISCUSSION

On October 7, 2011, Plaintiff American Southern Insurance Company ("ASIC") filed this declaratory judgment action against Defendants. On October 31, 2011, ASIC served Defendant Suncoast Youth Football Conference's ("Suncoast") Registered Agent, Leonard Anderson, with the summons and complaint. Suncoast's answer was due on November 21, 2011. A clerk's default was entered on November 29, 2011, after Suncoast failed to answer

or otherwise file an appearance, and a default judgment was entered against Suncoast on December 6, 2011.

On December 18, 2011, Suncoast filed the instant motion to set aside the default judgment. Suncoast argues that the default judgment should be set aside because of Suncoast's excusable neglect. Suncoast contends that Anderson, its Registered Agent, suffered a stroke in June 2011, and that the stroke resulted in severe memory loss. Suncoast also states that Plaintiff knew or should have known of Anderson's stroke and presents evidence that Plaintiff knew or should have known that the appropriate contact person for any lawsuits against Suncoast was Jacquelyn Avise, the secretary of Suncoast. *See* Affidavit of Avise.

Rule 60(b), Federal Rules of Civil Procedure, governs a motion to set aside a default judgment. The burden is on Suncoast to identify a meritorious defense, demonstrate excusable neglect or another good reason for failing to respond to the complaint, and show that lifting the default will not unduly prejudice Plaintiff. *In re Worldwide Web Systems, Inc.,* 328 F.3d 1291, 1295 (11th Cir. 2003).

It is clear from the record that Suncoast has a meritorious defense and granting Suncoast's motion would not result in prejudice to Plaintiff. In opposition, Plaintiff argues that Suncoast's motion fails to establish a good reason for failing to respond to the complaint. Plaintiff largely focuses on the fact that Anderson was and still is listed as Suncoast's Registered Agent.

The Court concludes that the totality of the circumstances weighs in Suncoast's favor. Suncoast filed its motion to set aside the default approximately twelve days after it was entered by the clerk and Avise's affidavit reflects circumstances that provide good reason for Suncoast's failure to timely respond to the complaint. Also, Suncoast has not engaged in bad faith or purposefully delayed these proceedings. And no prejudice to Plaintiff can result based on such a short passage of time.

The Court believes strongly in determining cases on the merits. Under the facts presented here, setting aside the default judgment is appropriate to accomplish justice. *See Lender v. Unum Life Ins. Co. of America, Inc.,* 519 F. Supp. 2d 1217, 1223 (M.D. Fla. 2007).

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Suncoast Youth Football Conference's Motion to Set Aside Entry of Default Judgment (Dkt. 23) is GRANTED.

2. The Default Final Judgment entered against Defendant Suncoast Youth Football Conference is hereby SET ASIDE.

3. Defendant Suncoast Youth Football Conference shall file its answer, attached as Exhibit B to its Motion, within three (3) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on January 5, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2011\11-cv-2278.mtsetasidedefault23.frm