UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERICAN SOUTHERN INSURANCE
COMPANY,

    Plaintiff,

v.                                                Case No.  8:11-cv-2278-T-30TGW

FLORIDA YOUTH ATHLETIC
ASSOCIATION, et al.,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff American Southern Insurance Company's Motion for Summary Judgment (Dkt. 68), Defendant Miranda Gregory's Motion for Summary Judgment (Dkt. 70), and the parties' respective responses to same (Dkts. 77 & 78). The Court, having considered the motions, responses, record evidence, and being otherwise advised of the premises, concludes that summary judgment should be granted in favor of Defendant Miranda Gregory and against Plaintiff American Southern Insurance Company.

## BACKGROUND

Plaintiff American Southern Insurance Company ("ASIC") filed this declaratory judgment against Defendants Florida Youth Athletic Association ("FYAA"), Suncoast Youth Football Conference ("Suncoast"), and Miranda Gregory to seek this Court's declaration that

Suncoast is not an insured under ASIC's policy GL 130001-100078. The issue remaining in this case is whether Suncoast is within the definition of "insured" under the subject policy.[1]

On September 25, 2010, Miranda Gregory was brutally attacked at a youth football game and suffered significant injuries and damages. Gregory claims that the September 25, 2010 youth football game falls under the umbrella of Suncoast. She subsequently filed a claim with Suncoast Youth Football Conference, which led to her being named in this declaratory action given ASIC's request that the Court declare that Suncoast is not an insured under the subject policy.

The record reflects that ASIC issued commercial general liability policy number GL 130001-100078 to FYAA effective July 1, 2010 through July 1, 2011. Suncoast is not identified on the Certificate of Insurance issued to FYAA and is not identified in any of the policy's forms and endorsements. The subject policy provides in pertinent part:

> COMMERCIAL GENERAL LIABILITY COVERAGE FORM
>
> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy.
>
> The word "insured" means any person or organization qualifying as such under Section II – Who is An Insured.

(Dkt. 1-1, p. 5 / Form CG 00 01 12 07, p. 1 of 16).

---

[1] The record reflects that ASIC withdrew its count for declaratory relief regarding Suncoast's duty to cooperate.

NAMED INSURED ENDORSEMENT

4. SECTION V - DEFINITIONS

The following definitions are added:

    23. "Insured Member" means such person or organization who is a qualified member of the Crescent Sports and Recreational Insurance Risk Purchasing Group, Inc. a risk purchasing group organized under the laws of the state of South Carolina and which is shown on the Certificate of Insurance in item 1a.

(Dkt. 1-1, p. 48 / Form ASP 008 03 09, p. 2).

AMATEUR SPORTS AMENDATORY ENDORSEMENT

B. In WHO IS AN INSURED (SECTION II) paragraphs 5 and 6 below are added after paragraph 4.

    5. Team members, managers, coaches, assistants, referees and officials, sponsors, and other individuals participating in the official functions of the named insured.

    6. If designated below, that person or organization, but only with respect to the acts or omissions of the named insured arising out of "sports activities" conducted by the named insured.

    Additional Insured
        Land Owners, field Owners, Sponsors
        Sanctioning Associations

(Dkt. 1-1, p. 50 / ASP 010 03 09, p. 2).

The record reflects that Suncoast is a youth football organization made up of 11 leagues throughout Florida, consisting of approximately 66-99 teams and 4500 players. The record reflects that during the 2009 and 2010 seasons, Suncoast and its leagues, teams, and players joined a larger conference known as FYAA primarily to share in liability insurance

which FYAA would procure on behalf of its members. Suncoast's leagues, teams, and players participated in FYAA's playoffs during 2009 and 2010. Suncoast's President, Larry Anderson, served as a member of FYAA's board and attended FYAA's monthly meetings. Anderson and Jacqueline Avise, Suncoast's Secretary, stated during their depositions that Suncoast was a participating member of FYAA during the relevant time.

ASIC's agent, Terry Green, who bound the subject policy, stated during his deposition that the industry standard for the kind of policy at issue in this case does not require the policy to identify the members of the insured league; these types of policies provide insurance based on the number of participants. Green stated that there was no way for him to prove that Suncoast was not a member of FYAA. According to Green, if Suncoast could produce documentation that it is part of FYAA, it would become an insured under the subject policy.

ASIC's corporate designee, Gary O'Neal, stated during his deposition that ASIC accepts the risk on the types of policies like that involved in the instant case without knowing the names of the individual participants, the names of the teams, or the names of the members under the organization that is the named insured. He testified that ASIC would rely on the agent to identify the participants that belonged to FYAA. O'Neal also stated that ASIC would have no means to prove that Suncoast was not an insured under the subject policy. O'Neal also admitted that FYAA is a named insured under the subject policy.

On December 5, 2011, the Court entered a Default Final Judgment against FYAA for failing to answer or otherwise respond to the complaint (Dkt. 20). The Default Final

Judgment made a finding that Suncoast was not an insured under the subject policy and because Suncoast was not an insured under the policy, ASIC was not obligated to defend or indemnify Suncoast with respect to any claim arising out of the September 25, 2010 incident involving Gregory.

On August 7, 2012, a Confidential Settlement Agreement was reached between ASIC and Suncoast. Under the terms of the Confidential Settlement Agreement, ASIC and Suncoast agreed that there is no coverage under the subject policy for any claim made by Gregory.

On August 14, 2012, the Court granted ASIC's motion for voluntary dismissal of Suncoast and dismissed Suncoast from this case with prejudice (Dkt. 59).

Both Gregory and ASIC now move for summary judgment on the issue of whether Suncoast was an insured under the subject policy.

## **SUMMARY JUDGMENT STANDARD OF REVIEW**

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action

will identify which facts are material. *Id.* Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex,* 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson,* 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.,* 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung,* 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 248; *Hoffman v. Allied Corp.,* 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## **DISCUSSION**

The record, as stated above, is undisputed that FYAA was a named insured under the subject policy and Suncoast was a member of FYAA during the relevant time. Thus, the

Court concludes, as a matter of law, that, under the clear language of the policy with respect to who is an insured, Suncoast, as a participating organization, was an insured under the policy. The record is undisputed that Suncoast was a sanctioning association under FYAA and oversaw 11 leagues, 66-99 teams, and approximately 4500 players. ASIC and its agent testified that policies, such as the subject policy, are typically written without knowing the identity of the teams and member organizations, and that premiums are calculated and paid based on the number of participants.

ASIC's only arguments to the contrary do not rely on any record evidence. Rather, ASIC argues that because it received a default judgment against FYAA, the default judgment should bar Gregory's claim that Suncoast was an insured under the policy. ASIC's argument ignores well-established law that states that a default judgment against a defaulting defendant cannot foreclose another similarly-situated defendant's position in the case. Specifically, in this circuit, it is "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Gulf Coast Fans v. Midwest Elecs. Imp.,* 740 F.2d 1499, 1512 (11th Cir. 1984) (citing C. Wright & A. Miller, Federal Practice and Procedure, § 2690, 6 Moore, Federal Practice, ¶ 55.06, and reasoning that it would be inconsistent for the plaintiff to collect a judgment against the defaulting defendant on a contract when a jury, in a suit against another defendant under the same contract, had found that the plaintiff itself had breached that contract).

Here, regardless of whether the liability is deemed joint or several, FYAA and Gregory are certainly similarly situated. Thus, the default judgment against FYAA does not foreclose Gregory's right to challenge ASIC's claim that Suncoast was not an insured under the subject policy. Indeed, given legal precedent on this issue, the Court concludes, *sua sponte*, that the default judgment entered against FYAA must be vacated to prevent two inconsistent judgments in this case. *See Frow v. De La Vega,* 15 Wall. 552, 82 U.S. 552, 21 L.Ed. 60 (1872); *Figueroa v. Image Rent a Car, Inc.*, 2010 WL 3894356, at *2 (M.D. Fla. Sept. 10, 2010) (citing *Frow* and noting that "if the nondefaulting party prevails against the plaintiff, in most cases, that judgment will accrue to the benefit of the defaulting defendant, unless that defense is personal to that defendant").

Finally, ASIC's settlement with Suncoast does not preclude summary judgment in Gregory's favor. Again, ASIC appears to miss the salient issue, to wit, whether the record establishes, as a matter of law, whether Suncoast was an insured under the subject policy. The testimony of Suncoast's representatives establishes this fact and the record is undisputed on this issue. Suncoast's subsequent settlement with ASIC does not provide contrary record evidence on the issue of whether Suncoast was an insured under the policy.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff American Southern Insurance Company's Motion for Summary Judgment (Dkt. 68) is DENIED.

2. Defendant Miranda Gregory's Motion for Summary Judgment (Dkt. 70) is GRANTED.

3. The Clerk of Court shall enter final judgment in favor of Defendant Miranda Gregory and against Plaintiff American Southern Insurance Company and the final judgment should state that Suncoast Youth Football Conference, Inc. is an insured under American Southern Insurance Company policy GL130001-100078.

4. The Clerk of Court shall vacate the Default Final Judgment as to Florida Youth Athletic Association (Dkt. 20).[2]

5. The Clerk of Court shall close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on December 12, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2011\11-cv-2278.msjs68and70.frm

---

[2] The Default Final Judgment as to Suncoast was previously set aside (Dkt. 25).