UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERICAN SOUTHERN
INSURANCE COMPANY,

    Plaintiff,

v.                                    Case No. 8:11-cv-2278-T-30TGW

FLORIDA YOUTH ATHLETIC
ASSOCIATION and MIRANDA
GREGORY,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Miranda Gregory's Motion for Attorney's Fees (Dkt. 85) and Plaintiff American Southern Insurance Company's Memorandum in Opposition (Dkt. 89). The Court, having considered the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## DISCUSSION

Plaintiff American Southern Insurance Company ("ASIC") filed this declaratory judgment action against Defendants to seek this Court's declaration that Defendant Southern Youth Football Conference, Inc. ("Suncoast") is not an insured under ASIC's policy GL 130001-100078.

On December 12, 2012, the Court entered summary judgment against ASIC and in favor of Defendant Miranda Gregory (Dkt. 81). That same day, the Clerk entered a final

judgment in favor of Gregory and against ASIC. The final judgment stated that Southern Youth Football Conference, Inc. is an insured under American Southern Insurance Company policy GL 130001-100078 (Dkt. 82).

On January 2, 2013, Gregory filed her motion for attorney's fees. Gregory's sole basis for fees is that ASIC's case was completely lacking in factual basis and ASIC "cut a deal" with Suncoast wherein ASIC and Suncoast would "agree" that Suncoast was not an insured under the subject policy. Gregory further argues that ASIC improperly forced its agreement with Suncoast on Gregory and the Court by using the agreement to support ASIC's motion for summary judgment.

As ASIC points out in its response, Gregory's arguments in favor of attorney's fees are without merit. Gregory never moved the Court for sanctions against ASIC or its attorney's. And Gregory has not presented adequate evidence of fraud, conspiracy, collusion, or witness tampering. For these reasons, Gregory's reliance on 28 U.S.C. § 1927 is misplaced. Section 1927 states: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Notably, although the Court's summary judgment order pointed out that ASIC's settlement with Suncoast did not preclude summary judgment in Gregory's favor on the issue of whether Suncoast was an insured under the subject policy, the Court made no finding that ASIC's actions or its attorneys' actions were unreasonable or vexatious or that ASIC's

attorneys improperly inserted themselves in the case as Gregory seems to imply. Accordingly, Gregory fails to establish her entitlement to attorney's fees in this case.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Miranda Gregory's Motion for Attorney's Fees (Dkt. 85) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on January 18, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2011\11-cv-2278.fees85.frm